UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:13-CR-00029-TBR

UNITED STATES OF AMERICA                                                         Plaintiff

v.

JAMES S. FALLER II                                                                Defendant

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant Faller's request for the government to divulge a written summary of any testimony of an expert witness it intends to use at trial pursuant to Fed. R. Crim. Proc. 16. (Docket No. 23.) The Defendant previously filed the same motion at Docket No. 13. The government replied at Docket No. 19, asserting it had complied. Subsequent to a telephonic conference, the Court entered an Order mooting the motion at Docket No. 13, as the parties' attempted to work out discovery issues on their own. It appears this issue has not been resolved, as Defendant subsequently filed this motion.[1] (Docket No. 23.) For the following reasons, the Court will **DENY** Defendant's request to compel the government to produce prior trial testimony and more comprehensive written summaries at this time.

Federal Rule of Criminal Procedure 16(a)(1)(G) states:

> (G) Expert witnesses – At the defendant's request, the government must give to the defendant a written summary of any testimony that

---

[1] This motion has technically been labeled as a Reply to the government's response at Docket No. 19 (which was previously mooted).

1

the government intends to use under Rules 702, 703, or 705 of the
Federal Rule of Evidence during its case-in-chief at trial . . .

Fed. R. Crim. Proc. 16.

The government has notified Defendant that an IRS Revenue Agent would "provide testimony at trial of computations regarding the Defendant's taxes due and owing for the 2006 through 2009 years and summaries of documents admitted into evidence." (Docket No. 19, Page 1.) The government contends that this agent's expected testimony should not be considered expert opinion (and therefore Rule 16 would not apply). In any event, the government contends it provided the necessary disclosures to Defendant in the event this Court may determine otherwise.

Specifically, the government contends it "provided the agent's name, her curriculum vitae, and several summaries and computations which will form the substance of the agent's testimony at trial, as well as an index of such summaries. These summaries are 'primarily based upon the bank records and the invoices.'" (Docket No. 19, Page 2.) The Defendant does not appear to allege he didn't receive this information or that the government misrepresented what these documents actually contained. Instead, Defendant appears to assert that he and the Court are entitled to prior trial testimony:

> The government does not offer any prior trial testimony or anything that will allow this Court to determine if the government is even offering a witness who qualifies to testify to this type of evidence. It is possible that the witness the government is attempting to us is highly qualified however, the Defendant has a right to challenge this or at least know what the qualifications of this witness is, beyond a very simple resume that is devoid of any sort of trial experience record.

(Docket No. 23, Page 3-4.) The Court finds no basis for such entitlement in Fed. R. Crim. Proc. 16 and Defendant did not cite any precedent supporting such an entitlement. Therefore, it will **DENY** Defendant's request to compel production of prior trial testimony.[2]

Admittedly, it appears Defendant also takes issue with the substance of what the government has already provided and whether it complies with Federal Rule of Criminal Procedure 16:

> Although the government attempts to deny that the witnesses they are intending to use are experts however, the rules, laws, and definitions are clear that they are. The proposed testimony of these witnesses involve expert testimony which, pursuant to rule 16 must be disclosed, including written summaries of intended testimony, not summary spread sheets and numbers that do not illustrate any sort of testimony.

(Docket No. 23, Page 4.) Essentially, Defendant alleges that the government has not provided the "written summary" required by Fed. R. Crim. Proc. 16.

The Court notes the language of Federal Rule of Criminal Procedure 16 is very general and accommodating (as opposed to the more specific and demanding Federal Rule of *Civil* Procedure 26)—only requiring a "written summary of any testimony that the government intends to use under Rules 702, 703, or 705." The Government contends it has provided the agent's name, her curriculum vitae, and several summaries and computations which will form the substance of the agent's testimony at trial, as well as an index of such summaries. Defendant has not asserted the Government has not in fact provided these summaries, but instead argues the summaries should be more

---

[2] The Court notes that if this were a civil case, Rule 26(a)(2)(B) would require a list of previous testimony. However, there is no counterpart to that requirement in the Federal Rules of Criminal Procedure, including Federal Rule of Criminal Procedure 16.

comprehensive.  The Court notes Defendant has not made more than a general claim that the summaries should be more comprehensive.  Given the general and accommodating language of Federal Rule of Criminal Procedure 16 (as opposed to the more specific and demanding Federal Rule of *Civil* Procedure 26), the Court finds the government has met the requirements of Rule 16.  Defendant has not demonstrated the summaries are insufficient.  He has only generally alleged they should be more comprehensive.  Defendant may refile the motion and submit the materials produced for review if he desires.

Accordingly, the Court will **DENY** Defendant's request to compel the government to produce more comprehensive written summaries and prior trial testimony.

IT IS SO ORDERED.

Date:

cc:   Counsel