UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CRIMINAL ACTION NO. 1:13-CR-00029-JHM-HBB-1

UNITED STATES OF AMERICA                                          PLAINTIFF

vs.

JAMES S. FALLER, II                                                      DEFENDANT

### GOVERNMENT'S MOTION TO EXCLUDE EXPERT WITNESS TESTIMONY AND REQUEST FOR PRE-TRIAL HEARING

The United States, by counsel, moves this Court to Exclude the Expert Witness Testimony of David W. Hicks during the trial of this matter, pursuant to <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u> 509 U.S. 579 (1993). The United States requests a pre-trial hearing on this issue.

The defendant has filed a Notice of Expert Report [R. 110]. The government has received a copy of the curriculum vitae of David W. Hicks and his report. <u>See Attachments One and Two</u>. The government objects to the introduction of the substance of this witness's testimony at trial because such expected testimony is not relevant to the issues in this case. Moreover, such expected testimony does not include any specialized knowledge which will assist the trier of fact, is not based upon sufficient data, is not the product of reliable principles and methods, and is void of any application of such principles to the facts of this case.

11742650.1

The defendant asserts that expected witness David W. Hicks is an expert. A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

See Rule 702, Federal Rules of Evidence.

As noted, the defendant has submitted a curriculum vitae of David W. Hicks and his report to the government. According to his curriculum vitae, the witness is a certified public accountant and has earned an accounting degree. The submitted report indicates that the witness has been assisting the defendant with his taxes for several years and relates, in a general summary fashion, his observations during that time. The government contends that the submitted report lacks specificity as to the particular opinions to be offered by the witness at trial. The report is entirely devoid of how the witness's specialized knowledge of a particular area would help the jury understand the evidence or a fact in issue in this case. The report fails to provide sufficient facts or data upon which the expected testimony is to be based. Finally, the report lacks any discussion of whether the expected testimony is the product of reliable methods and that those methods were properly applied to the facts of the case.

As set forth in the report, the witness's expected testimony at trial appears to primarily address four areas. Initially, the witness alleges that the government, in various

ways, has obstructed the witness's ability to properly review and analyze the documentation.  Based on the government's alleged efforts to impede him in this regard, the witness states his opinion that the IRS was allegedly targeting the defendant.  Secondly, the witness will offer testimony that the defendant had no ownership or beneficial interest in a trust.  In another vein, the witness will apparently assert that the defendant was not responsible for the employment taxes of Call Center Communications, Inc. during 2000 – 2001.  Finally, the witness will apparently provide testimony that the defendant incurred losses/deductions which would allegedly eliminate any taxes owing to the federal government.  The government objects to the introduction of such testimony because the evidentiary relevance and reliability of the expected opinion testimony as required under Rule 702, FRE,  is lacking in this case.  See Daubert, 509 U.S. at 589; United States v. Harris, 192 F.3d 580, 588 (6th Cir. 1999).

### A. Witness's testimony that the government obstructed the witness and targeted the defendant.

The government objects to the witness's testimony that the government allegedly obstructed or impeded his review of the tax documentation and that the government has allegedly targeted the defendant in this case.  The witness's testimony in this regard is miscast as expert opinion testimony.  Instead, it appears to be the witness's biased opinion based upon his firsthand involvement and personal observations during his involvement with the defendant's tax case.  In other words, the witness has not applied a specialized knowledge and principles to the facts of the case as required of expert witness testimony under Rule 702, and instead is some type of fact witness who purports to offer his inadmissible opinion.

More significantly, these matters to which this witness expects to testify have no bearing upon the relevant issues in this case and should be excluded from the evidence at trial. The indictment charges the defendant with four counts of tax evasion for the years 2006 through 2009, four counts of failure to file tax returns for the years 2006 through 2009, tax evasion of a trust fund recovery penalty which was assessed in 2004 and relates to employment taxes owing for quarters in 2000 through 2001, corruptly endeavoring to obstruct the Internal Revenue Service, and for filing a false statement with the IRS.

Rule 702 of the Federal Rules of Evidence assigns to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. See Daubert 509 U.S. at 597. In this regard, the expected testimony is not germane to any of the elements of the crimes charged in this case such as willfulness. Moreover, the witness's report does not provide an adequate timeframe for which the alleged government obstruction occurred. The witness states that he has been assisting the defendant since 2006. The manner or type of the witness's assistance is unknown. The witness does not purport to have been assisting the defendant in the preparation of his tax returns. In fact, the government's evidence reflects that other accountants were involved in this respect. Furthermore, the government's evidence reflects that government agents had no contact with this witness prior to 2010. The witness's assertion that the government obstructed his review of the documents from 2010 through 2013 are subsequent to most of the alleged criminal conduct alleged in the indictment. Consequently, testimony in this regard should be excluded as irrelevant.

In this same respect, the witness's expected testimony that the government improperly "targeted" the defendant during this investigation and prosecution appears to

be the defendant's attempt to demonstrate that he is a victim of a selective or vindictive prosecution or his allegation that the IRS and the government has a "vendetta" against him. A defendant alleging prosecutorial vindictiveness must show either "actual vindictiveness" or a "realistic likelihood of vindictiveness." United States v. Dupree, 323 F.3d 480, 489 (6th Cir.2003). Actual vindictiveness is demonstrated by "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights." Id. The realistic-likelihood-of-vindictiveness standard examines the prosecutor's "stake in deterring the exercise of a protected right and the unreasonableness of his actions." United States v. Poole, 407 F.3d 767, 774 (6th Cir. 2005). Here, the defendant has made no showing that the prosecutors acted in order to punish the defendant for standing on his legal rights.

Furthermore, in order to establish a prima facie case of vindictive prosecution, a defendant must make a showing that charges of increased severity were filed because the accused exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness. United States v. Gallegos-Curiel, 681 F.2d 1164, 1168 (9th Cir. 1982). The failure of a defendant to establish a prima facie case of vindictiveness precludes the defendant from presenting evidence relating to a vindictive prosecution. United States v. Bourgeois, 964 F.2d 935, 938 (9th Cir. 1992). In this case, the defendant has made no such showing of vindictive prosecution. In various filings [R.28, 42, 45, and 57], the defendant has alleged government improprieties in fulfilling its discovery obligations. However, this Court has rejected all of this defendant's various allegations that the government improperly withheld evidence from him [R. 59, 97, and

106]. Accordingly, the defendant should be precluded from presenting evidence relating to an alleged vindictive prosecution at trial.

### B. Witness's testimony that the defendant has no interest in a trust.

Secondly, the witness's report indicates that he will also provide testimony that the defendant had no ownership or beneficial interest in a trust. The Indictment alleges that the defendant caused some of his income to be deposited into a trust bank account and caused his real property to be titled in the name of a trust. See Counts One, Two, Four, and Six of the Indictment.

The witness's belief that the defendant had no interest in the trust is apparently based upon his review of the tax returns prepared by another accountant and possible other undisclosed documentation. The government objects to this witness's expected testimony in this regard because the witness is not qualified to render an opinion on this issue. The witness's curriculum vitae does not indicate whether he has any specialized knowledge regarding trusts which would aid the jury's understanding of this issue. Moreover, the defendant has not submitted the underlying documentation upon which this expected testimony is based. It is probable that such documentation, if it exists, is self-explanatory and does not require specialized knowledge of an expert to assist the jury in this regard.

### C. Witness's testimony that the TFRP was inappropriately assessed in 2004.

In another vein, the witness will apparently offer testimony that the defendant had no responsibility for the payroll taxes of Call Center Communications, Inc. (CCC). This testimony appears to be linked to the government's allegation, as set forth in Count Two

of the Indictment, that the defendant evaded the payment of a Trust Fund Recovery Penalty (TFRP).  This TFRP, which was assessed against the defendant personally in February of 2004, was based upon his failure to pay CCC's employment taxes to the IRS for quarterly periods in 2000 and 2001.  The government will introduce evidence at trial that the assessment was proper and valid.  The evasion of payment charge pertains to the defendant's attempts to evade the payment of this assessment.

It appears that the defendant will attempt to relitigate the TFRP assessment made in 2004 through this witness's expected testimony.  The government objects to such testimony as irrelevant to the issues in this case.  The government's proof at trial will concern the defendant's wilful attempts to evade the payment of this lawfully imposed tax.  The defendant's attempts to introduce evidence that the assessment was invalid, *ten years after the assessment was made,* should be rejected.

Moreover, the witness's testimony in this regard is apparently based upon his review of various records relating to the corporate status of CCC.  It does not appear that this witness has any specialized knowledge in this regard which will assist the trier-of-fact to understand a fact in issue.  If this court determines that such records are admissible in this regard, such records are self-explanatory and do not require any expert analysis or opinion.

### D. Witness's testimony that the defendant had losses which served to minimize taxable income.

Finally, the witness apparently will offer testimony that the defendant suffered losses which will mitigate any taxable income.  The government objects to such testimony as too general to be relevant to this issues in this case.  In proving tax evasion

7

for the years 2006, 2007, 2008, and 2009, as charged in Counts 3, 4, 5, and 6 of the Indictment respectively, the government must establish that there existed a tax due and owing for each of the charged years.

In the submitted report, the witness will apparently offer testimony that the defendant has losses and deductions related to bankruptcy filings, business losses, thefts, investment losses, and medical expenses. However, the report provides no specificity as to the amounts of the losses/deductions and as to the tax years involved. Moreover, the defendant has not provided the government with the bases or foundation for the witness's expected opinion in this regard. Instead, in order to be relevant to the issues of this case, the witness must specify the amount of losses/deductions as to each specific year (2006, 2007, 2008, and 2009) and that the witness's opinion is based upon sufficient facts or data. The witness's report is lacking in this regard and, therefore, his testimony in this respect should be excluded at trial.

Accordingly, the Government moves this court to exclude the expert witness testimony of David W. Hicks during the trial of this matter and requests a pre-trial hearing on this issue.

        Respectfully submitted,

        KERRY B. HARVEY
        United States Attorney

By:    s/Thomas Lee Gentry
      Thomas Lee Gentry
      Special Assistant U.S. Attorney
      601 Meyers Baker Road, Suite 200
      London, KY 40741
      (606) 864-5523
      FAX (606) 864-3590

Lee.Gentry@usdoj.gov

s/Thomas G. Voracek
Thomas G. Voracek
U.S. Department of Justice
Tax Division
601 D Street NW, Room 7116
Washington, D.C. 20530
(202) 514-2426
Thomas.g.voracek@usdoj.gov

11742650.1

## CERTIFICATE OF SERVICE

      I hereby certify that on the 9th day of August, 2014, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which shall send notice to counsel of record.

                                       By:    <u>s/Thomas G. Voracek</u>
                                                          Thomas G. Voracek
                                                          U.S. Dept. of Justice

11742650.1