**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CRIMINAL ACTION NO. 1:13CR-00029-JHM**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**VS.**

**JAMES S. FALLER, II** **DEFENDANT**

**PROTECTIVE ORDER**

The Court holds that the previously issued Protective Order (DN 112) is hereby modified and that discovery material in the present case is subject to this Protective Order, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, to the extent set forth below:

This Court FINDS and ORDERS as follows:

1) There is good cause that unnecessary dissemination of discovery materials would impede the due administration of justice, and as a result, this Protective Order is appropriate.

2) The government has produced voluminous discovery materials in this case that contain, among other things, individually identifiable information and other private information about numerous individuals, as well as confidential tax returns and taxpayer return information within the meaning of Title 26, United States Code, Section 6103(b). Disclosure of such tax return information is governed by Title 26 United States Code, Section 6103(a), which mandates that returns and return information will be confidential except as authorized by Section 6103. Section 6103(h)(4)(D) permits disclosure to the defense of such tax return and taxpayer return information in accord with Rule 16 of the Federal Rules of Criminal Procedure, but further disclosure of this tax return and tax return information by defendant is restricted by Section 6103.

3) The discovery materials also may include grand jury testimony, which is governed by Rule 6(e) of the Federal Rules of Criminal Procedure.

4) The discovery materials provided by the government to the defendant also include materials which were previously seized from the defendant's home during the execution of a search warrant. Since these materials were within the defendant's control prior to the execution of the search warrant, such materials are not subject to this protective order. The government and the defendant are reminded that all personal identifying information must be redacted, to the extent provided under Rule 49.1 of the Federal Rules of Criminal Procedure, in any electronic or paper filing with this Court.

5) With the noted exception of seized documents and materials returned by the government to the defendant, the following limitations apply to the defendant's use of discovery provided by the government:

A) The materials produced by the government may be used by the defendant and any employees or agents of the defendant solely in the defense of this case;

B) Defendant will not disclose the tax return information or other private information contained in the discovery material directly or indirectly to any person except those assisting the defense, persons who are interviewed as potential witnesses, potential experts, or other authorized persons during the course of the investigation and defense of this case;

C) The discovery material produced by the government will not be copied or reproduced unless they are copied or reproduced for authorized persons to assist in the defense, and in that event, the copies should be treated in the same manner as the original material;

D) When providing the discovery materials to an authorized person, the defendant must inform the authorized person that the materials are provided subject to the terms of this Protective Order and that the authorized person must comply with the terms of this Protective Order;

E) Defendant shall not disclose or use any information contained in the government's discovery in violation of this Protective Order. However, nothing in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

6) Pursuant to Rule 16(d)(2) of the Federal Rules of Criminal Procedure, if defendant fails to comply with this Protective Order, the undersigned informs him that he is subject to potential penalties and that any violation of this Protective Order may be punished as a contempt.

H. Brent Brennenstuhl

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

March 11, 2015

Copies: James S. Faller, II, *pro se*
Counsel