# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CRIMINAL ACTION NO. 1:13-CR-00029-BJB-HBB-1

**JIM S. FALLER, SR.**                                              **PETITIONER/DEFENDANT**

**VS.**

**UNITED STATES OF AMERICA**                                     **RESPONDENT/PLAINTIFF**

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion (DN 406, DN 408 **SEALED**) by Petitioner Jim S. Faller, Sr. requesting leave to file under seal Exhibits 1 and 5 to his Petition for Writ of Coram Nobis (DN 405). As grounds for his motion, Faller claims that Exhibit 1 contains affidavits previously sealed due to safety of the affiants; and Exhibit 5 contains "tax transcripts" and are ordinarily not available for public access (DN 406). For the reasons set forth below, Faller's motion is **GRANTED in part and DENIED in part**.

## APPLICABLE LAW

Federal Rule of Civil Procedure 5.2(d) and Local Rule 5.6 allow the Court to order that a filing be made under seal. There is, however, a strong presumption favoring public access to judicial documents. See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted). "Only the most compelling reasons can justify non-disclosure of judicial records." In re Knoxville News Sentinel Co., 723 F.2d 470, 476 (6th Cir. 1983) (citation omitted). "The public has both a constitutional and a common law presumptive right of access to civil proceedings and judicial records." Holly v. UPS Supply Chain Sols., Inc., No. 3:13-CV-980-DJH-CHL, 2015 U.S. Dist. LEXIS 80231, at *7 (W.D. Ky. June 22, 2015) (quoting In re Southeastern Milk Antitrust Litig., 666 F. Supp. 2d 908,

915 (E.D. Tenn. 2009)). Thus, "[p]arties and counsel should presume that all documents filed in district court should be available for the public to access and that restricting public access can occur only in limited circumstances, as set forth in this Rule." LR 5.6(a).

The party that seeks to overcome the presumption favoring public access to judicial documents "must state why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure." LR. 5.6(c). To satisfy this burden, the moving party must show: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." Kondash v. Kia Motors Am., Inc., 767 F. App'x 635, 638 (6th Cir. 2019).

> Where a party can show a compelling reason for sealing, the party must then show why those reasons outweigh the public interest in access to those records and that the seal is narrowly tailored to serve that reason. To do so, the party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."

Id. (citation omitted). If a district court opts to seal court records, "it must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" Rudd Equip. Co., v. John Deere Constr. & Forestry Co., 834 F.3d 589, 594 (6th Cir. 2016) (citation omitted).

## DISCUSSION

Faller has asserted that Exhibit 1 "contains affidavits previously sealed due to safety of the affiants" (DN 406). A valid affidavit is "a written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." Granada v. United States, 51 F.3d 82, 84 (7th Cir. 1995) (citing Black's Law Dictionary 58 (6th ed. 1990)). Contrary to Faller's assertion, Exhibit 1 does not contain affidavits (DN 409 Pages 1-4). Rather, there is a single document in Exhibit 1, and it does not constitute as an affidavit because it sets

forth a rambling four-page story by an unidentified individual (Id.). Blatantly absent from the account is the requisite confirmation by oath or affirmation of the person making it, taken before a person having authority to administer such oath or affirmation. *See* Granada, 51 F.3d at 84. Moreover, even if Faller resubmitted the document in a format that fully satisfied the requirements of an affidavit, it is inconceivable that making the document available for the public to access will pose any safety concerns to the affiant. Additionally, Faller has made no effort to substantiate his bare assertion that this document had previously been filed under seal by another court. In sum, Faller has failed to establish that the document in Exhibit 1 is entitled to protection from public disclosure.

Next, Faller asserts that Exhibit 5 contains "tax transcripts" that are "ordinarily not for public access" (DN 406). But Exhibit 5 actually contains a number of documents (DN 409-1 Pages 1-2; DN 409-2 Pages 1-2; DN 409-3 Pages 1-13). The first of which is a March 16, 2017, affidavit of Adrienne Gilbert, who at the time was the Deputy Chief of Staff for the Lieutenant Governor of Kentucky (DN 409-1 Pages 1-2). Essentially, Ms. Gilbert's affidavit encourages an unidentified federal court (case No. 16-5168) "to expedite the rehearing of the instant matter and to pay particular attention to the underlying reasons for the surface actions taken by parties in this case" (Id.). Ms. Gilbert's affidavit also states, "[t]his matter and its outcome are of substantial importance to the Commonwealth of Kentucky and its investigation of corruption" (Id.). This is an innocuous affidavit. Thus, Faller has failed to satisfy his burden of demonstrating that it is entitled to protection from public disclosure.

The next document in Exhibit 5 is a July 13, 2022, email from United States Congressman Andrew Garbarino, who represents the 2nd District of New York (DN 409-2 Pages 1-2). This is an innocuous email updating Faller on the status of email inquiries, on Faller's

behalf, that Representative Garbarino sent to the FBI and the Supreme Court (Id.).  Thus, Faller has failed to satisfy his burden of establishing that this email is entitled to protection from public disclosure.

The next part of Exhibit 5 is made up of three letters from the IRS to Faller dated September 10, 2020, December 17, 2020, and November 12, 2020 (DN 409-3 Pages 1-5).  Except for Faller's taxpayer identification number which is set forth in two places on each letter (Id. at Pages 1-5), these three letters are innocuous and should be available for the public to access.  Therefore, Faller is directed to refile the three letters after he has redacted or obscured his taxpayer identification number from each letter.

The final part of Exhibit 5 is made up of four account transcripts that pertain to Faller and address the tax periods December 31, 2006, December 31, 2007, December 31, 2008, and December 31, 2009 (DN 409-3 Pages 6-13).  The four documents contain Faller's taxpayer identification number and private information concerning outstanding balances that he owes in taxes and penalties for each of the four tax periods (Id.).  Considering the circumstances, Faller has a compelling interest in sealing these four account transcripts; his interest in sealing outweighs the public's interest in accessing the records; and his request as to these documents is narrowly tailored.  Therefore, these four account transcripts will be filed under seal.

## ORDER

**IT IS HEREBY ORDERED** that Faller's motion to file Exhibits 1 and 5 under seal (DN 406, DN 408 **SEALED**) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that the document in Exhibit 1 (DN 409 Pages 1-4) shall be filed in the Court record as Exhibit 1 to Faller's Petition for Writ of Coram Nobis (DN 405).  For the reasons set forth above, this document should be available for the public to access.

**IT IS FURTHER ORDERED** that the following documents in Exhibit 5 (DN 409-1 Pages 1-2; DN 409-2 Pages 1-2) shall be filed in the Court record as a part of Exhibit 5 to Faller's Petition for Writ of Coram Nobis (DN 405). For the reasons set forth above, these two documents should be available for the public to access.

**IT IS FURTHER ORDERED** that **by no later than November 18, 2022**, Faller shall refile the three letters from the IRS (DN 409-3 Pages 1-5) with his taxpayer identification number redacted from each letter. The Clerk of the Court will then file the three letters as a part of Exhibit 5 to Faller's Petition for Writ of Coram Nobis (DN 405). For the reasons set forth above, these three letters should be available for the public to access.

**IT IS FURTHER ORDERED** that the four account transcripts in Exhibit 5 (DN 409-3 Pages 6-13) **shall be filed under seal** as a part of Exhibit 5 to Faller's Petition for Writ of Coram Nobis (DN 405). For the reasons set forth above, these four account transcripts should not be available for the public to access.

November 10, 2022

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:      James S. Faller, Sr., *pro se*
                 Counsel of Record