UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:13-CR-00029-BJB-HBB-1

JIM S. FALLER, SR.                                                                    PETITIONER/DEFENDANT

VS.

UNITED STATES OF AMERICA                                                       RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION
AND ORDER**

Before the Court is a "SEALED MOTION" filed by Petitioner Jim S. Faller, Sr. (DN 444 **SEALED**).  He seeks to have filed under seal two letters in support of an expedited hearing (DN 444 **SEALED**; DN 444-2; DN 444-3).  As grounds for his motion, Faller claims that the letters must be sealed to ensure the safety of the authors (DN 444 **SEALED**).  For the reasons set forth below, Faller's motion is **DENIED**.

APPLICABLE LAW

Federal Rule of Civil Procedure 5.2(d) and Local Rule 5.6 allow the Court to order that a filing be made under seal.  There is, however, a strong presumption favoring public access to judicial documents.  See LR 5.6(a); Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted).  "Only the most compelling reasons can justify non-disclosure of judicial records."  In re Knoxville News Sentinel Co., 723 F.2d 470, 476 (6th Cir. 1983) (citation omitted).  "The public has both a constitutional and a common law presumptive right of access to civil proceedings and judicial records."  Holly v. UPS Supply Chain Sols., Inc., No. 3:13-CV-980-DJH-CHL, 2015 U.S. Dist. LEXIS 80231, at *7 (W.D. Ky. June 22, 2015) (quoting In re Southeastern Milk Antitrust Litig., 666 F. Supp. 2d 908, 915 (E.D. Tenn. 2009)).  Thus, "[p]arties and counsel should presume that all documents filed in

district court should be available for the public to access and that restricting public access can occur only in limited circumstances, as set forth in this Rule." LR 5.6(a).

The party that seeks to overcome the presumption favoring public access to judicial documents "must state why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure." LR. 5.6(c). To satisfy this burden, the moving party must show: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." Kondash v. Kia Motors Am., Inc., 767 F. App'x 635, 638 (6th Cir. 2019).

> Where a party can show a compelling reason for sealing, the party must then show why those reasons outweigh the public interest in access to those records and that the seal is narrowly tailored to serve that reason. To do so, the party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."

Id. (citation omitted). If a district court opts to seal court records, "it must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" Rudd Equip. Co., v. John Deere Constr. & Forestry Co., 834 F.3d 589, 594 (6th Cir. 2016) (citation omitted).

## DISCUSSION

Faller claims that the two letters should be filed under seal due to possible harm to the authors by corrupt individuals and law enforcement (DN 444). In support of his position, Faller alludes to the "extreme nature of what is alleged in these letters" (Id.). But the authors of both letters merely make general assertions of knowledge about unnamed corrupt actors and law enforcement who are responsible for the purportedly wrongful and vindictive prosecutions and convictions of Mr. Faller in various jurisdictions (DN 444-2; DN 444-3). In sum, Faller has failed to establish that the two letters and the identities of their authors are entitled to protection from public disclosure.

## **ORDER**

**IT IS HEREBY ORDERED** that Faller's motion to file letters under seal in support of an expedited hearing (DN 444 **SEALED**) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to unseal Faller's motion (DN 444) and the two letters (DN 444-2 and DN 444-3).

Copies:   James S. Faller, Sr., *pro se*
          Counsel of Record