UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:13-CR-00029-BJB-HBB-1

JIM S. FALLER, SR.                                              PETITIONER/DEFENDANT

VS.

UNITED STATES OF AMERICA                                        RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION AND ORDER
AND REPORT AND RECOMMENDATION**

Before the Court is the motion of *pro se* Defendant James Stuart Faller, II to disqualify the undersigned Magistrate Judge, District Judge Benjamin Beaton, and all other judges from this judicial circuit and for the appointment of a Special Judge from outside the Circuit to adjudicate this case. The undersigned addresses the motion regarding his own disqualification as an order, and the disqualification of the district judge and all other judges in the judicial circuit by way of Report and Recommendation.[1]

Faller predicates his motion on 28 CFR § 76.16(b), 28 U.S.C. § 144, and 28 U.S.C. § 455(a). The regulation provides: "Whenever any party shall deem the Judge for any reason to be disqualified to preside, or to continue to preside, in a particular proceeding, that party shall file with the Judge a motion to recuse. The motion shall be supported by an affidavit setting forth the alleged grounds for disqualification. The Judge shall rule upon the motion." 28 CFR § 76.16(b).

Turning to the two statutory provisions, 28 U.S.C. § 144 directs:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge

---

[1] A Magistrate Judge may be authorized to issue a Report and Recommendation on a motion requesting a District Judge's recusal. *See* Reid v. Moore, No. C-3:05-cv-326, 2009 U.S. Dist. LEXIS 106609, at *2-3 (S.D. Ohio Nov. 16, 2009).

> shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 455(a) directs: "Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Faller also references the recently adopted Code of Conduct for Justices of the Supreme Court of the United States.[2] However this code of conduct does not apply to lower-court judicial officers, who are governed by the Code of Conduct for United States Judges. Canon 3C addresses the circumstances under which a judge should disqualify himself or herself.

> The statutory obligation of a federal judge to recuse found in 28 U.S.C. § 455 is almost word-for-word identical, with merely editorial differences, to Canon 3C of the Code of Conduct for United States Judges. The Statutory provision is binding on the courts as law applicable to whether recusal is required. The substantially identical canon provision is a subset of a code of judicial obligations that are ethically binding.

Ragozzine v. Youngstown State Univ., 783 F.3d 1077, 1080 (6th Cir. 2015).

The majority of Faller's motion is a recitation of the allegations he has advanced in support of his underlying Petition for Writ of Coram Nobis (DN 405). The same holds true for the affidavit he tenders in support of the present motion (DN 449, p. 12-19). The gravamen of Faller's contentions as to why the undersigned and Judge Beaton should be disqualified is essentially twofold: first, he contends he has submitted substantial evidence supporting the alleged conduct to which he and his family have been victim and, notwithstanding the abundance of evidence and

---

[2] See Code of Conduct for Justices of the Supreme Court of the United States, Supreme Court of the United States, (Nov. 13, 2023), https://www.supremecourt.gov/about/Code-of-Conduct-for-Justices_November_13_2023.pdf.

the serious nature of the wrongs inflicted, this Court has not made a timely ruling on his cause. This, he contends, demonstrates that he cannot expect fair treatment by the jurists currently assigned to the case, and, moreover, all other judges in this judicial Circuit "would obviously be conflicted due to the issues with former colleagues and associates." (Id. at p. 7).

The denials of motions to seal documents in the record he submitted in support of his motions form the second basis for his disqualification argument. Earlier in the case Faller filed motions at DN 406 and DN 408 to seal certain exhibits to his Writ of Coram Nobis. At DN 414 the undersigned issued an Order granting in part and denying in part the motions. Faller subsequently filed a motion for an expedited hearing in the case and a companion motion to seal letters submitted in support of the motion (DN 444). The undersigned denied the motion to seal (DN 446). Faller objected to the Order (DN 447), and the district judge overruled the objection (DN 448). Faller reiterates the contention made in the motions to seal, and which the Court declined to accept, that allowing letters written in support of his cause to be a matter of public record would subject the authors to risk of retribution and physical harm from unnamed perpetrators. He argues this indicates that he cannot receive a fair hearing in the matter from the undersigned and Judge Beaton.

"A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Pope v. Fed. Express Corp., 974 F.2d 982, 985 (8th Cir. 1992) (citation omitted). The Sixth Circuit applies an objective standard to recusal under Section 455. Wheeler v. Southland Corp., 875 F.2d 1246, 1251 (6th Cir. 1989). "A district judge is required to recuse himself only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Id. (internal quotations omitted). Section 455(a) is

the "catchall" recusal provision. Prejudice or bias sufficient to justify recusal must be personal or extrajudicial. In re M. Ibrahim Khan, P.S.C., 751 F.2d 162, 164 (6th Cir. 1984). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." United States v. Nelson, 922 F.2d 311, 319-20 (6th Cir. 1990). Personal bias finding its source in the judge's view of the law is not sufficient to warrant disqualification. United States v. Story, 716 F.2d 1088, 1090 (6th Cir.1983).

Faller correctly notes that his petition was filed on September 19, 2022, and the Court has not yet ruled on the merits of his petition. He also notes that he has since filed pleadings in an effort to "nudge" the Court to rule on the petition (*see* DN 449 at p. 3). In this regard, the undersigned observes that more motions do not speed a case up, they simply add to the backlog of matters the Court must address. The Court is keenly aware of the matters awaiting ruling and requires no reminders. Faller's dissatisfaction with the pace of the case is understandable – all litigants desire that their cases be resolved as expeditiously as possible. But the Court has limited resources and must allocate them in the manner it deems appropriate for the overall management of its docket. Faller concludes that the length of time the case has been pending on the Court's docket demonstrates that he cannot receive fair treatment. Mere conclusions, beliefs, and opinions in an affidavit are insufficient under the statute. While a court is required to accept as true the factual allegations of a movant's affidavit, a judge is not bound to accept the conclusions that the movant draws from the alleged facts. Doe v. Cin-Lan, Inc., No. 08-cv-12719, 2010 U.S. Dist. LEXIS 7845, at *8 (E.D. Mich. Feb. 1, 2010).

Faller's dissatisfaction with the rulings declining to seal documents in the record does not provide a ground for disqualification. Disagreement with a judge's decision or ruling is not a basis for disqualification. Liteky v. United States, 510 U.S. 540, 555-56 (1994).

Because Faller has failed to demonstrate a bias that would call into question the impartiality of the undersigned or Judge Beaton, or some other facts that would raise at least the appearance of impropriety, recusal would be inappropriate. See United States v. Angelus, 258 F. App'x 840, 842 (6th Cir. 2007) ("Although a judge is obliged to disqualify himself when there is a close question concerning his impartiality, he has an equally strong duty to sit where disqualification is not required[.]") (citation omitted). "In making its determination, a court must remember that 'where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited.'" Fharmacy Records v. Nassar, 572 F. Supp. 2d 869, 876 (E.D. Mich. 2008) (quoting In re Aguinda, 241 F.3d 194, 201 (2d Cir. 2001)).

## ORDER AND RECOMMENDATION

**WHEREFORE**, Plaintiff's motion that the undersigned be disqualified is **DENIED**. **FURTHER**, the undersigned **RECOMMENDS** that Plaintiff's motion for disqualification of District Judge Beaton, for disqualification of all other judges in this judicial circuit, and for the appointment of a special judge from outside the circuit be **DENIED**.

March 19, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed, or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985).

March 19, 2024

*H. Brent Brennenstuhl* (signature)

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies to:     Jim S. Faller, Sr., *pro se*
               Counsel of Record