UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| v. | No. 1:13-cr-29-BJB |
| **JIM S. FALLER, SR.** | **DEFENDANT** |

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

This *pro se* reconsideration motion asks the Court to revisit its 2024 rejection of Jim Faller's *coram nobis* petition attacking his 2015 federal convictions for tax-related offenses. That order (DN 455) also denied a motion to disqualify the district and magistrate judges considering it—as well as all other judges within this Circuit—and Faller similarly seeks reconsideration of that decision. Neither request succeeds.

**A. Procedural History.** Many pages of judicial writing have attempted to explain Faller's arguments and the reasons why they fail—both in this criminal case and a parallel civil suit. *See, e.g., United States v. Faller*, 675 F. App'x 557 (6th Cir. 2017); *Faller v. United States Department of* Justice, No. 3:23-cv-526, 2024 WL 4369902 (W.D. Ky. Sept. 30, 2024). Particularly since this motion repeats many of those contentions, this opinion won't recapitulate them in full.

In brief: A different judge presided over Faller's trial, which concluded with a jury verdict (DN 223) that he attempted to interfere with the administration of the tax laws, attempted to evade or defeat a tax, filed false tax documents, and willfully failed to file a tax return. The Court sentenced him to three years in prison, followed by three years of supervised release. *Id.* The Sixth Circuit upheld the convictions on appeal. DN 392 (6th Cir. Op.); *Faller*, 675 F. App'x at 559.

Years later, Faller filed a petition for a writ of *coram nobis*—an "extraordinary writ" that, in some "extreme cases," allows convicted persons no longer "in custody" to challenge "fundamental flaws in the proceedings." *United States v. Castano*, 906 F.3d 458, 462 (6th Cir. 2018) (quoting *United States v. Denedo*, 556 U.S. 904, 916 (2009)). Relief requires, among other showings, that the writ is "necessary to remedy an ongoing civil disability." *Castano*, 906 F.3d at 463. Faller's *coram nobis* petition failed because he did not provide evidence of any legally cognizable civil disability or

1

explain why any such harm was an "actual, present, and direct consequence of his conviction." DN 455, *Faller*, 2024 WL 2933468, at *2.

That ruling also denied Faller's motion to disqualify the presiding District Judge, Magistrate Judge Brennenstuhl, and all other judges in the Sixth Circuit. *Id.* at *4–5. This Court affirmed Judge Brennenstuhl's findings that Faller did not make the required showing of legal or factual error by the Magistrate Judge and failed to demonstrate any bias. *Id.*

Faller subsequently filed this motion for reconsideration, a request to supplement that motion (DN 458), a notice of appeal (DN 459), and a motion to expedite (re)consideration of the pending motion (DN 465).

**B. Hearing**. Faller's various motions contain an embedded and repeated request for a hearing on his motions. *See* Motion for Reconsideration at 2, 8, 9, 11, 15, 16. He claims that "[c]redible testimony and evidence are standing by to present to this Court that will make the record clear that Faller is a victim of these allegations, and that the conviction is a complete disgrace to our system." *Id.* at 15. Faller believes that a hearing is necessary to prove that he has faced ongoing civil disabilities, *id.* at 5, to establish that his "conspiracy theory" is not just a "theory," *id.* at 9, and to avoid a "textbook deprivation of *due process* rights," *id.* at 16.

Courts possess ample discretion whether to hold a hearing in circumstances such as this. Judges do *not* "need to hold a hearing before denying [a *coram nobis*] petition" if "the record makes clear that [the petitioner] isn't entitled to coram nobis relief." *United States v. Singh*, 95 F.4th 1028, 1034–35 (6th Cir. 2024) (citing *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)). Instead, judges "may" exercise discretion to "submi[t] and determin[e] motions on briefs, without oral hearings." FED. R. CIV. P. 78(b); *see McIntyre v. Schweitzer*, No. 5:20-cv-2577, 2023 WL 11926124 (N.D. Ohio. Mar. 6, 2023) (citing *Brown v. Allen*, 344 U.S. 443, 465 (1953) ("Since the complete record was before the District Court, there was no need for rehearing or taking of further evidence.")) (emphasis omitted).

That's the case here: even accepting Faller's plausible, non-fantastical allegations as true, they would not entitle him to reconsideration of a prior ruling resulting in the extraordinary relief of *coram nobis*. So the Court denies the hearing request and considers the reconsideration arguments on the paper record.

**C. Standard for Reconsideration.** "Although the Federal Rules of Criminal Procedure do not authorize motions for reconsideration, the Supreme Court determined many years ago that defendants may file them." *United States v. Mack* 831 F. App'x 787, 787 (6th Cir. 2020) (citing *United States v. Healy*, 376 U.S. 75, 78

(1964)). Given the lack of a criminal rule on point, judges "rely on 'analogous precedent arising under the Federal Rules of Civil Procedure.'" *United States v. Johnson*, No. 20-5873, 2022 WL 35406, at *5 (6th Cir. Jan. 3, 2022) (quoting *United States v. LaDeau*, 734 F.3d 561, 572 n.3 (6th Cir. 2013)).

Two potential options appear in this circuit's caselaw. One is Rule 59(e), which allows parties to seek to alter or amend a judgment within 28 days; the other is Rule 60(b), which authorizes relief from a final judgment, order, or proceeding within one year. But practice within this circuit hasn't always remained consistent. *See, e.g., United States v. Carney*, No. 3:21-cr-98, 2022 WL 678648, at *1 (M.D. Tenn. Mar. 4, 2022) (applying Rule 59(e) to reconsideration motion filed more than 28 days after denial of suppression motion); *United States v. Davis*, No. 2:17-cr-20640-10, 2022 WL 4078886, at *1 (E.D. Mich. Sep. 6, 2022) (applying both Rule 59(e) and Rule 60(b) to the same reconsideration motion postmarked within 28 days of denial of motion to vacate).

The Sixth Circuit has supplied a principle to demark the two rules' criminal domains, however. Their scope tracks the length of time between the judgment and request for its reconsideration. In districts (such as this) without "a local rule providing for" a motion for reconsideration, "a motion with that title that is filed within 28 days can be construed as a motion to alter or amend the judgment under Rule 59(e)." *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013). And "one that is filed after 28 days can be construed as a motion for relief from judgment under Rule 60(b)." *Id.*

This is significant because "[alt]hough Rule 59(e) relief is rare, relief under Rule 60(b) is *even more* extraordinary." *See Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (emphasis added). Faller filed his reconsideration motion 10 days after the rejection of his petition. So Rule 59(e) applies here.

Even under Rule 59, reconsideration is heavily disfavored: "Motions to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) are 'extraordinary' in nature and should be 'sparingly granted.'" *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 857 F. Supp. 2d 647, 655 (W.D. Ky. 2012) (citation omitted). A party may seek Rule 59(e) reconsideration on specific and limited grounds: (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) the need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "Manifest injustice" has been defined as "[a]n error in the trial court that is direct, obvious, and observable." *United States v. Canal Barge Co., Inc.*, No. 4:07-cr-12, 2009 WL 541267, at *2 (W.D. Ky. Mar. 4, 2009) (citation omitted). A good measure

of "informed discretion" applies to a district-court whether to disturb its prior ruling. *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). This makes sense given the strong "interest in the finality of a decision." *Cobble v. T-Mobile Spring*, No. 3:21-cv-415, 2025 WL 1372447, at *7 (W.D. Ky. May 12, 2025). Importantly, "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (citation omitted). Faller must "clearly establish" that he satisfies at least one of the four grounds for relief. *Id.* (citations omitted).

As discussed below, Faller demonstrates none of this.

### D. *Coram Nobis*

Faller primarily challenges this Court's holding that he did not show a legally cognizable ongoing civil disability sufficient for a writ of *coram nobis*. Motion for Reconsideration at 3–5. "[A] conviction," he contends, "scar[s]" the convict and "horribly affect[s]" virtually "every aspect in life," "speak[ing] in axiomatic resolve to a horrific Civil Disability." *Id.* at 3–4. To the extent Faller implies that the fact of a conviction alone suffices to create a civil disability under the *coram nobis* doctrine, he is wrong. The caselaw assesses the ongoing consequences—not just the fact—of past criminal convictions. *See, e.g.*, *Castano*, 906 F.3d at 463 ("*coram nobis* is only appropriate when necessary to remedy an ongoing civil disability" which "must arise out of the erroneous conviction.") (citation omitted); *United States v. Waters*, 770 F.3d 1146, 1147 (6th Cir. 2014) ("The support for the ongoing disability requirement is found in the history of the writ and in the underlying considerations regarding finality.").

The motion goes on to list several such "substantial ongoing statutory Civil Disabilities"—purported ongoing harms that broadly fall into three categories: (a) licenses (pilot, law, engineering, stock-trading, PI, and liquor), (b) Constitutional rights (Second, Fourth, Fifth, Sixth, and Eighth), and (c) other personal injuries. Motion for Reconsideration at 4. Faller repeats the same general injuries from his original *coram nobis* petition, which vaguely alleged the deprivation of "licenses, insurance, and other ordinary rights," economic and reputational harm, and the prevention of his "professions of [the] past." *Faller*, 2024 WL 2933468, at *2–3. But now Faller provides examples of these allegations, including the specific licenses and Constitutional rights denied, and his "loss of private citizenship" based on his conviction status making him a public figure. Motion for Reconsideration at 4.

4

These arguments identify no clear legal error in the Court's prior ruling. Faller tacitly accepts the "*Castano*" standard, which requires a petitioner to show that the writ is "necessary to remedy an ongoing civil disability." DN 455, *Faller*, 2024 WL 2933468, *2 (quoting *Castano*, 906 F.3d at 463). Instead, he disagrees with the prior ruling's application of that standard to his factual allegations and seeks to add more detail to his prior submissions. These arguments fail to warrant reconsideration.

First, Faller's new injury allegations arrive too late. He provides no reason why he couldn't have identified any newly presented civil disability (or description thereof) before this Court's ruling on his original petition. Faller may not "raise new legal arguments that could have been raised" with his writ of *coram nobis*. *See Roger Miller Music, Inc.*, 477 F.3d at 395 (citation omitted).

Regardless, Faller hasn't shown that any of the previously alleged civil disabilities were wrongly categorized in the prior opinion. "An 'ongoing civil disability'" must be "(1) an actual, present harm (2) arising from an erroneous conviction (3) that is more than incidental." *Faller*, 2024 WL 2933468, *2 (citing *United States v. Craig*, 907 F.2d 653, 658 (7th Cir. 1990)). Faller's assertion, for example, that his conviction led to a denial of his Fourth Amendment rights in a decade-old case by "convinc[ing] a court … to issue an illicit search warrant" would not qualify; nothing shows *ongoing* Fourth Amendment violations (that is, "present harm" from a past conviction). *See* Motion for Reconsideration at 4. A petitioner must show "that any civil disability *presently* affects him as opposed to affecting him in the past or potentially in the future." *United States v. Brown*, No. 5:12-cr-79, 2022 WL 12399282, at *2 (E.D. Ky. Oct. 17, 2022) (emphasis in original). Other harms he alleges are mere reputational injuries, which are not legally cognizable. Motion for Reconsideration at 4. As previously noted, neither reputational harm nor economic harm "constitute civil disabilities for the purpose of *coram nobis* relief." DN 455, *Faller*, 2024 WL 2933468, at *2 (quoting *Brown*, 2022 WL 12399282, at *2; citing *Waters*, 770 F.3d at 1147 (reputational injury insufficient); citing also *United States v. Keane*, 852 F.2d 199, 203 (7th Cir. 1988) (financial penalties insufficient)). Allowing such injuries—which are part and parcel of standard criminal convictions—to qualify as a civil disability that is "more than incidental" would transform this "extraordinary" writ and stretch it far beyond "extreme cases." *See Castano*, 906 F.3d at 462 (citation omitted). Nothing in Faller's petition or the criminal caselaw suggests it should ever reach the majority of criminal defendants who maintain, even post-judgment, that their convictions were unjust and deleterious.

Further, despite his claim to have supplied new evidence warranting a hearing and reconsideration, Faller has not pointed to any "newly discovered evidence" that

might justify another look. *Intera*, 428 F.3d at 620. No citations, exhibits, or other documentation supports his argument, for example, that he lost professional licenses. Faller still provides no evidence that his conviction has prevented him from obtaining a legal license, for example—only asserting that he "is in the process of seeking a license." Motion for Reconsideration at 4. This sort of "purely speculative" harm is not within the scope of *coram nobis*. *Brown*, 2022 WL 12399282, at *2 (quoting *Castano*, 906 F.3d at 463) (emphasis omitted).

Faller's only attached exhibit is his own sworn affirmation. DN 456-1. Faller already submitted this affirmation to this Court in a civil case where he attempted to use seven different legal theories to sue the United States Department of Justice, unknown FBI agents, unknown IRS agents, and the Commonwealth of Kentucky "through" Governor Andy Beshear. *See Faller*, 2024 WL 4369902, at *1. This Court dismissed that case with prejudice. *Id.* at *9. Faller does not explain whether (and, if so, why) this exhibit was previously unavailable. The exhibit is not newly discovered evidence.

Finally, Faller cites no change in the law, nor does he articulate any injustice—manifest or otherwise—that would warrant reopening the case. Faller repeatedly portrays himself as a "victim of wrongful prosecution." Motion for Reconsideration at 2. But he does not show an error in this Court's denial of his *coram nobis* petition "that is direct, obvious, and observable." *Canal Barge Co., Inc.*, 2009 WL 541267, at *2.

### E. Disqualification

In support of his challenge to the denial of his disqualification motion, Faller attaches his sworn affirmation in a related civil case. Motion for Reconsideration at 10. Faller spends less than a page disputing this Court's denial of his motion to disqualify. *See id.* at 10–11. Most of his analysis, instead, is spent making a variety of eyebrow-raising allegations, including "[a]ssassination attempts, suicides, vast corruption, kidnapping witnesses, etc." through an allegedly nefarious intergovernmental conspiracy. *Id.* at 11.

This motion fails to satisfy any of the four reconsideration factors and plainly fails on the merits in any event. Faller again identifies no legal error, clear or otherwise; provides no proof, regardless of whether it was previously available; cites no change in the law; and fails to articulate any injustice from this judge's failure to recuse (or purport to "disqualify" any and all other judges). He merely recites the alleged conspiracy against him. *Id.* at 10–11.

**F. Dispute of "underlying charges."** This Court will not separately analyze Faller's dispute of his "underlying charges," although those critiques comprise the bulk of his motion to reconsider. In short, he repeats the same claim that he has made in every filing: he is "a victim of wrongful prosecution" at the hands of an "incredibly brilliant, influential and evil former prosecutor from the SDFL" and many agents of the government and judiciary more broadly. *Id.* at 2. But this motion to reconsider centers on the Court's previous denial of his *coram nobis* petition and motion to disqualify, not the validity of Faller's original conviction a decade ago after a jury trial and before the Sixth Circuit's affirmance.

Again, this argument turns old soil already tilled in the *coram nobis* order (and the civil dismissal as well). Faller already claimed to face corruption and assassination attempts by various federal agencies, judges, and his former secretaries and colleagues. DN 455, *Faller*, 2024 WL 2933468, at *2. Whether true or false, these are sad allegations. As previously explained, "[m]any of the issues he raises have already been addressed many times at prior stages of this case and in related litigation." *Id.* at *2. "Those rulings command deference and in some instances finality." *Id.* (citing *Musacchio v. United States*, 577 U.S. 237, 244–45 (2016)). Those issues are not related to this Court's motion for reconsideration.

### G. Supplement to Motion for Reconsideration

Faller's attempt to supplement (DN 458) his reconsideration motion comes later still and adds little if anything to the legal issues or factual material presented in his initial motion. Instead, like Faller's motion for reconsideration, it almost exclusively duplicates Faller's allegations of corruption and other "outrageous events." *See* Motion to Supplement at 1–2. He also includes a section titled "WHAT[']S THE BIG DEAL" and a "statement of sufferings." *Id.* at 4–8.

Any "new evidence" that he cites (and, to be clear, none is obviously new and material) would not change this Court's denial of his motion for reconsideration. Like the evidence in his original motion for reconsideration, this arrives too late: Faller could have included it with his original *coram nobis* petition. He may not "raise new legal arguments that could have been raised before a judgment was issued." *See Roger Miller Music, Inc.*, 477 F.3d at 395. Regardless, Faller's "new evidence" doesn't show that he has a legally cognizable ongoing civil disability. He recites corruption and economic harm he experienced "since long ago." *See* Motion to Supplement at 2–3. *Coram nobis* is not for harms faced "long ago." It is for present harms. *See Faller*, 2024 WL 2933468, *2 (citing *Craig*, 907 F.2d at 658). To the extent that the

7

information in this supplement isn't duplicative or obviously wrong, it wouldn't affect the Court's ruling above on the motion for reconsideration.

## ORDER

Because Faller has not met the demanding standard for relief under Rule 59(e), particularly as it might apply to the extraordinary remedy of *coram nobis* attacking a long-final criminal judgment, the Court denies his motion for reconsideration (DN 456). For this same reason, the Court similarly denies Faller's supplement to his motion for reconsideration (DN 458). Because the complaint itself makes clear that Faller is not entitled to relief, his request for a hearing likewise fails. *See Singh*, 95 F.4th at 1034–35. The Court also denies Faller's motion to expedite the ruling on his motion to reconsider (DN 465) as moot, given its dismissal of his claims.